IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEFFREY K. REEDER,**

        **Petitioner,**

**v.**                                  **Civ. Action No. 1:07CV138**

**WAYNE A. PHILLIPS, Warden,**

        **Respondent.**

             **ORDER ADOPTING REPORT & RECOMMENDATION**
                      **AND DISMISSING PETITION**

    On October 5, 2007, the pro se petitioner Jeffrey K. Reeder ("Reeder"), an inmate at FCI-Morgantown, Morgantown, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the petition to Magistrate Judge John S. Kaull for initial review pursuant to Local Rule of Prisoner Litigation Procedure 83.09. The Magistrate filed his Report and Recommendation ("R&R") on October 31, 2007, recommending that the petition be dismissed for failure to exhaust administrative remedies. Reeder filed his timely objection to the R&R on November 8, 1997. The Court has conducted a de novo review of the issues presented in the petition and, for the following reasons, **ADOPTS** Magistrate Judge Kaull's R&R and **DISMISSES** the petition.

                           **I. BACKGROUND**

    On March 8, 2007, the United States District Court for the Northern District of Ohio sentenced Reeder to a term of 39 months imprisonment and three years supervised release for being a felon

in possession of a firearm.[1]  On March 9, 2007, in an unrelated case, the State of Ohio sentenced him to a concurrent one year in prison for assembling or possessing chemicals for the manufacture of drugs.

Reeder asserts that the period of time he spent in federal custody between May 23, 2005 and May 22, 2006, a total of 365 days, was not credited toward his sentence.  He does not, however, explain the relevant circumstances surrounding his incarceration or the lapse of time between this 365 day period and his sentencing in 2007.  Moreover, Reeder concedes that he did not exhaust his administrative remedies prior to filing his § 2241 petition, but argues that exhaustion is not statutorily required and, therefore, is not necessary in this case.

In his R&R, Magistrate Kaull recognized that the exhaustion requirement __is__ subject to judicial discretion.  Nonetheless, he found that requiring the petitioner to first attempt to resolve his grievance via the administrative process promotes the vital policies underlying the exhaustion principle.  Most notably, it

---

[1] The Court notes that the Magistrate's Report and Recommendation improperly listed the petitioner's sentence as 39 years, not 39 months.  Although relevant to the timely nature of Reeder's petition, this typographical error does not undermine the reasoning in the R&R nor alter the Court's ultimate analysis.

allows the Bureau of Prisons ("BOP") to exercise its expertise and discretion, conserves scarce judicial resources, and develops the factual record on which this Court must rely. Accordingly, Magistrate Kaull recommended that Reeder's § 2241 petition be dismissed without prejudice for failure to exhaust administrative remedies.

## II. ANALYSIS

According to 18 U.S.C. § 3585(b),

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The Attorney General, through the Bureau of Prisons, determines the amount of credit to be awarded for time spent in official detention. United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Burcham, 91 F.App'x 820, 821 (4th Cir. 2004). Prisoners may seek administrative review of credit decisions, and once they exhaust administrative remedies, judicial review is available. Wilson, 503 U.S. at 335 (citations omitted); Burcham, 91 F.App'x at 823; 28 C.F.R. §§ 542.10 to 542.16.

**REEDER v. PHILLIPS** 1:07CV138

**ORDER ADOPTING R&R AND DISMISSING PETITION**

The doctrine of administrative exhaustion is a well-established element of jurisprudence. As a general rule, courts will deny judicial relief until all administrative remedies have been exhausted. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938).

By delaying judicial intervention and requiring compliance with administrative procedures, courts promote two main purposes. First, exhaustion protects "executive and administrative autonomy." McKart v. United States, 395 U.S. 185, 194 (1969); see also McCarthy v. Madigan, 503 U.S. 140, 144-145 (1992). Because Congress delegated authority to the agency, not the courts, the agency should have the primary responsibility for its own program; the courts should ordinarily not intervene unless the agency has completed its review or has clearly exceeded its jurisdiction. McCarthy, 503 U.S. at 145. By first reviewing the case, the administrative agency has the opportunity to exercise its discretionary power and apply its unique expertise. Id. Exhaustion also allows the agency to correct its own mistakes involving the programs it administers before the petitioner hales it into federal court. Id. Furthermore, exhaustion discourages the disregard of administrative procedures and the "frequent and

deliberate flouting of administrative processes" which weaken the agency's effectiveness. Id. (quoting McKart, 395 U.S. at 195).

Exhaustion of administrative remedies also promotes judicial efficiency. When an agency may correct its own errors, judicial controversies may be mooted and piecemeal appeals are frequently avoided, thus conserving scarce judicial resources. Id. Even where judicial review is warranted, the prescribed administrative procedure generally produces a useful factual record for subsequent judicial review. Id.

Generally, the court recognizes three broad sets of circumstances in which the individual's interests may justify judicial intervention rather than administrative exhaustion. Exhaustion of the administrative remedy may be unnecessary if it would prejudice a subsequent court action, particularly when the agency procedure has an unreasonable or indefinite timeframe or when irreparable harm might result. Id. at 146-147. The administrative remedy may also be inadequate when the agency lacks institutional competence to resolve the matter or the authority to grant the requested relief. Id. at 147-148. Finally, the administrative remedy may be inadequate when the body is proven to be biased or has predetermined the issue, or when the procedure was

designed to harass or discourage those with legitimate claims. Id. at 148-149.

Although, as Reeder points out, the text of § 2241 does not require complete exhaustion of administrative remedies prior to seeking judicial intervention, exhaustion is typically judicially imposed. See, e.g., Burcham, 91 F.App'x at 822 (federal inmates challenging the execution of their sentences are required to first exhaust federal administrative remedies); Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (same); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same).

Because the requirement in habeas proceedings is only judicially imposed, however, courts retain discretionary power to waive it in pressing circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006). The majority of the circuit courts of appeal agree that exhaustion is not required when administrative remedies would prove futile. See, e.g., Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) ("Exceptions to the exhaustion requirement are appropriate where the ... attempt to exhaust such remedies would itself be a patently futile course of action."). Unless the agency is certain to rule adversely, however, a petitioner's unsupported prediction of failure does not excuse his lack of administrative exhaustion. Thetford Prop. IV Ltd. P'ship

v. U.S. Dep't of Hous. & Urban Dev., 907 F.2d 445, 450 (4th Cir. 1990) (internal citations omitted). Allowing the petitioner to avoid the administrative process based on a mere conclusory assertion "would allow the futility exception to swallow the exhaustion rule." Id.

In this case, Reeder first incorrectly calculates the length of time required for the administrative remedy process, then uses this inaccurate approximation to justify circumventing the administrative process. Reeder asserts that completion of the entire process requires 17-21 months (Pet'r's Obj. at 2). This is incorrect. Even if each stage of the process required the maximum number of days allowed by statute, the entire process would take approximately four months. 28 C.F.R. 542.14 to 542.15; LaRue, 2006 WL at *9.

This further assumes that the petitioner's initial request would not be swiftly granted by the BOP. If the alleged error is, in fact, due to administrative oversight or simple mathematical error, Reeder's grievance would have already been rectified had he filed a request with the BOP instead of prematurely filing with this Court.

Reeder also contends that the administrative process "would be Futile and its [sic] clear the claim would be rejected" (Pet'r's

Obj. at 3).  Following the prescribed channels is not a mere "hoop"; it allows the BOP to create the factual record on which this Court must rely.  Other than a bald assertion of futility, Reeder has presented no facts showing the administrative procedure to be inadequate or its result predetermined.  Reeder incorrectly presumes that circumventing the BOP's procedure will afford him immediate release when, instead, it merely delays judicial review.

In this case, the administrative remedy procedure is both adequate and necessary.  The process should not be disregarded merely because Reeder believes the BOP will not credit the 365 days.  The agency procedure follows a reasonable and definite timeframe, the BOP maintains clear authority to act, and no facts show that the BOP is biased or predetermined against Reeder's request.  Had Reeder filed a grievance with the BOP, instead of this Court, the entire administrative procedure would likely already be complete.  Even if the BOP denied Reeder's request, the factual record developed during the process would clarify the facts of the case and thereby facilitate and expedite any subsequent judicial review.  Thus, the Court will not consider the possible merits of Reeder's petition at this time because he has not yet exhausted his administrative remedies.

### III. CONCLUSION

In his effort to gain sentence credit for time spent in official detention, petitioner Jeffrey K. Reeder did not exhaust his available administrative remedies. He has failed to show circumstances justifying this circumvention, and he has failed to explain how initially following the procedure would have been futile or inadequate. Accordingly, the Court **ADOPTS** the Magistrate's R&R (dkt. no. 5) and **DISMISSES** the petition **WITHOUT PREJUDICE.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this order to the pro se petitioner, certified mail, return receipt requested, and all appropriate agencies.

DATED: June 12, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE